IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02254-BNB

DAVID W. IRONS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,
JOHN AND OR JANE DOE'S,
LIMON CORRECTIONAL FACILITY, et al.,
LOU ARCHULETA (Warden),
LT. ENDRE SAMU,
DR. ANITA BLOOR, and
JOHN AND OR JANE DOE'S,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 5 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, David W. Irons, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Irons initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Irons is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Irons will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient. First, it is not clear who Mr. Irons intends to sue in this action because, although he has listed at least seven Defendants in the caption of the complaint, he lists only three Defendants in the

section of the complaint designated to list the parties to this action.

Mr. Irons also fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Irons asserts two claims for relief arising out of an incident on June 22, 2006, when he was assaulted by another inmate. Mr. Irons clearly asserts his medical treatment claim against Defendant Dr. Anita Bloor. However, it is not clear against which Defendant or Defendants the other claim is asserted and Mr. Irons fails to allege specific facts to demonstrate how any Defendant other than Dr. Bloor allegedly violated his constitutional rights. Therefore, Mr. Irons will be directed to file an amended complaint to clarify who the Defendants in this action are and how each of those Defendants allegedly violated his constitutional rights.

Mr. Irons is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Irons should name as Defendants in the amended complaint only those individuals or entities that he believes actually violated his constitutional rights. Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Irons must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of

2

his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Irons also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Irons must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Irons has not exhausted administrative remedies for each of his claims and all of the issues raised in each claim in this action, the entire complaint must be dismissed.

Mr. Irons alleges that he exhausted administrative remedies and he has submitted copies of the grievances he alleges he filed. The attached grievances indicate that Mr. Irons apparently has exhausted administrative remedies for his medical treatment claim. However, Mr. Irons apparently filed only a step 1 grievance regarding his second claim. Mr. Irons contends that he has exhausted administrative

3

remedies for his second claim because "L.C.F. staff was not authorized to afford relief" regarding that claim. (Compl. At 7.) However, the response to Mr. Irons' step 1 grievance states only that relief was not available at that level. Mr. Irons does not allege whether he sought relief at a higher level by completing the grievance procedure and he fails to explain why he apparently believes that relief was not available at a higher level within the grievance procedure. Therefore, Mr. Irons must clarify how he has exhausted administrative remedies for this claim if he wishes to pursue that claim in this action. Accordingly, it is

ORDERED that Mr. Irons file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Irons, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Irons fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED December 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02254-BNB

David W. Irons
Prisoner No. 104968
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 12/5/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk