IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -8 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02254-BNB

DAVID IRONS,

    Plaintiff,

v.

LINCOLN COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,
B. RAINES (Full Name Unavailable),
LINCOLN COUNTY DISTRICT COURT CLERK (Name Unavailable),
COLORADO DEPARTMENT OF CORRECTIONS, et al.,
JOHN AND OR JANE DOES,
LIMON CORRECTIONAL FACILITY, et al.,
TRAVIS TRANI,
RON JONES,
SHANE JOHNSON,
ENDRE SAMU, and
ANITA BLOOR,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff David Irons is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Irons initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. On December 5, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Irons to file an amended complaint to clarify who the Defendants in this action are and how each Defendant allegedly violated his constitutional rights. On January 3, 2007, Mr. Irons filed an amended Prisoner Complaint. He seeks money damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Irons is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Irons is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Irons asserts three numbered claims for relief that all are related to an incident on June 22, 2006, when Mr. Irons was assaulted by another inmate. In his first claim he alleges that Defendants Travis Trani, Ron Jones, Shane Johnson, and Endre Samu denied him due process and equal protection and subjected him to cruel and unusual punishment. In his second claim Mr. Irons asserts that his Eighth Amendment

rights were violated by Defendant Anita Bloor who allegedly denied him adequate medical care. Mr. Irons asserts his third against Defendants B. Raines and Lincoln County District Court Clerk. Mr. Irons alleges that the clerk of the Lincoln County District Court denied him due process and equal protection by rejecting the "Informations and Complaint" Mr. Irons sought to file in the Lincoln County District Court in his effort to pursue criminal charges against his attacker and various prison officials. Mr. Irons alleges that Defendant Raines, the Lincoln County District Attorney, denied him due process and equal protection by failing to prosecute those same crimes and failed to assist Mr. Irons in his efforts to pursue criminal charges.

The Court first notes that Mr. Irons does not assert any claims against the Defendants he identifies in the caption of the amended complaint as Lincoln County District Attorney's Office, John and or Jane Does, or Limon Correctional Facility. Therefore, those Defendants will be dismissed as parties to this action.

In addition, the Court has reviewed the amended complaint and finds that Mr. Irons' third claim for relief is legally frivolous. Mr. Irons does not have a federal constitutional right to pursue criminal charges in state or federal court. As noted above, Mr. Irons specifically alleges in his third claim that he was denied due process and equal protection. However, the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Irons was not able to pursue criminal charges against his attacker and the prison officials who allegedly failed to report a crime did not deprive Mr. Irons of life, liberty, or property. Mr. Irons' equal protection claim fails because he does not allege that he was treated differently than any similarly

situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Therefore, the Court finds that the third claim for relief in the amended complaint lacks merit and must be dismissed.

The Court will not address at this time the merits of Mr. Irons' first and second claims for relief in the amended complaint. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendants Lincoln County District Attorney's Office, John and or Jane Does, and Limon Correctional Facility are dismissed as parties to this action because no claims are asserted against them. It is

FURTHER ORDERED that the third claim in the amended complaint asserted against Defendants B. Raines and Lincoln County District Court Clerk is dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants B. Raines and Lincoln County District Court Clerk are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  8  day of  Feb. , 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02254-BNB

David Irons
Prisoner No. 104968
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/8/07

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk