IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02254-LTB-BNB

DAVID IRONS,

Plaintiff,

v.

TRAVIS TRANI,
RON JONES,
SHANE JOHNSON,
ENDRE SAMU,
ANITA BLOOR, and
COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion for Leave to Proceed With Depositions Through Written Question Pursuant to Fed. R. Civ. P. 31(a) and (b)** [Doc. # 66, filed 4/14/2008] (the "Motion"). I held a hearing on the Motion this morning and made rulings on the record, which are incorporated here. Consistent with my oral rulings, the Motion is GRANTED IN PART and DENIED IN PART as follows:

DENIED insofar as the plaintiff seeks to take discovery through depositions by written questions pursuant to Rule 31. The plaintiff reports that he is indigent, and he is proceedings *in forma pauperis*. Consequently, he lacks funds to pay for the services of a court reporter, for the cost of transcription, and for deposition copies. Neither 28 U.S.C. § 1915 nor any other statute of which I am aware requires or allows a party to obtain free court reporting or transcription services in connection with pretrial discovery. See generally Tabron v. Grace, 6 F.3d 147, 158

(3rd Cir. 1993)(holding that there is no authority for a district court, under 28 U.S.C. § 1915 or any other statute to order the government to pay for deposition transcripts for an indigent litigant); Windsor v. Martindale, 175 F.R.D. 665, 670 (D. Colo. 1997)(stating that "[b]eing allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" in connection with discovery); Tajeddini v. Gluch, 942 F. Supp. 772,782 (D. Conn. 1996)(holding that "*[i]n forma pauperis* status does not require the Government to advance funds to pay for deposition expenses"); and

GRANTED to allow the following:

(1) The plaintiff shall be allowed to contact Dennis Blay, a D.O.C. inmate and the plaintiff's former cell mate, to obtain an affidavit; and

(2) The plaintiff may serve 40 additional interrogatories on the Department of Corrections, with not more than 10 of those interrogatories addressed specifically to each of the following employees of the Department of Corrections, to be answered under oath by the particular employee to whom they are directed: (a) Pamela McMillen; (b) Gaileen Crowell; (c) Debbie Outen; and (d) Sgt. Romero.

Dated May 21, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge